UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:13-CR-00462-1 |
| | § | |
| JORGE NOE GUTIERREZ-GARZA | § | |

### FINDINGS AND RECOMMENDATION ON PLEA OF GUILTY

United States District Judge Nelva Gonzales Ramos referred this case to the undersigned United States Magistrate Judge for the purpose of conducting a guilty plea proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The undersigned submits these Findings and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). All parties have waived the right to plead before a United States District Judge, and additionally, have consented to proceed before the undersigned.

On October 1, 2013, the defendant appeared with counsel before the undersigned Magistrate Judge and was personally addressed in open court and admonished pursuant to Rule 11 of the Federal Rules of Criminal Procedure as follows:

    1.    The defendant was placed under oath and advised that any false answers given during the plea proceeding could be used by the United States against the defendant in a prosecution for perjury or for making a false statement.

    2.    The defendant was advised that the indictment charged a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) which make it unlawful for a person to knowingly and intentionally possess with the intent to distribute a controlled substance. The defendant was further advised that the indictment alleged this violation of

law involved more than one hundred (100) kilograms of marihuana, a Schedule I, controlled substance.  The defendant was advised that the indictment alleged an approximate net weight of 652 kilograms of marihuana.

3. The defendant was advised of the defendant's right to a jury trial, the right to the presumption of innocence, and the right to require that the United States prove each of the elements of the offense to a jury beyond a reasonable doubt. The defendant was instructed the elements of the offense are: (1) That the defendant knowingly possessed a controlled substance; (2) That the substance was in fact marihuana; (3) That the defendant possessed the substance with the intent to distribute; and (4) That the quantity of the marihuana involved more than 100 kilograms, that is, approximately 652 kilograms of marihuana.

4. The defendant was further advised that the right to a jury trial included the right to see, hear and cross-examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to testify in the defendant's behalf or to remain silent. The defendant was advised that a plea of guilty would waive the right to a jury trial, the right to see, hear and cross examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to remain silent.

5. The defendant was advised that the penalty range for this offense included a mandatory minimum 5 year period of imprisonment and a maximum of up to 40 years imprisonment, without probation, parole or a suspended sentence, a fine not to exceed $5 million, community restitution up to the amount of any fine, at least 5 years of supervised release that could last the rest of his life, and that that any violation of supervised release could result in an additional prison term of up to 3 years.

The defendant also was advised that even if he received the maximum three year sentence for violation of supervised release, if he had not completed his full term of supervised release, he could be re-released to supervised release, and if revoked again he could receive up to a five year sentence again.  The defendant was advised that this could happen multiple times until he had completed serving his term of supervised release.

The defendant also was advised that a mandatory $100 special assessment applied to this felony conviction.

6. The defendant was advised of the District Court's obligation to calculate the applicable advisory sentencing guideline range and to consider that advisory range, possible departures and variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a). The defendant further stated that he understood and

had discussed with his attorney how the guidelines might be calculated in his case and applied to him.

7. The defendant and his attorney stated there is no plea agreement with the United States and that counsel for defendant had reviewed and explained the plea agreement with the defendant and that the defendant had rejected the plea agreement.

8. The defendant advised the Court he was a lawful permanent resident of the United States. Therefore, the Court advised him that he was pleading guilty to an aggravated felony and that a consequence of his plea would be that he will be deported from the United States. The defendant stated that he understood and had discussed this matter with his attorney.

The defendant stated that he had received a copy of the indictment, he understood the nature of the charge, the maximum possible penalty, and the consequences of pleading guilty. The defendant further stated that the plea of guilty was made freely and voluntarily, and did not result from any force, threats or coercion, and no one had promised the defendant a certain sentence. The defendant stated that he understood that if he did not receive the sentence hoped for, he could not withdraw his plea of guilty. The undersigned finds the defendant to be sufficiently competent to enter a plea of guilty.

The defendant pleaded guilty to the offense of possessing with the intent to distribute more than 100 kilograms of marihuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) as alleged in Count One of the Indictment. When questioned about his involvement in the case, the defendant agreed with the Assistant U.S. Attorney's recitation of the facts and admitted to each of the elements of the offense. The defendant admitted that he was the driver and sole occupant of a tractor trailer that was stopped at the Border Patrol Checkpoint south of Falfurrias, Texas. He admitted he knew he was

transporting a controlled substance and that he possessed the illegal drugs with the intent to distribute.

The undersigned United States Magistrate Judge finds that defendant's guilty plea was freely and voluntarily tendered and did not result from force, threats, or promises and that an adequate factual basis exists in relation to this plea.

## RECOMMENDATION

It is respectfully recommended that the District Court adopt the foregoing findings, accept the defendant's plea of guilty, and enter a finding that the defendant is guilty as charged in the indictment.

Respectfully submitted this 1st day of October, 2013.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file the Findings and Recommendation on Plea of Guilty and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Crim. P. 59(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).*